IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREW STEINHILBER, | |
| Petitioner, | 8:19CV370 |
| vs. | |
| SARAH RACHEL BARSELL STEINHILBER, | MEMORANDUM AND ORDER |
| Respondent. | |

Petitioner Andrew Steinhilber filed a "Petition for Writ of Habeas Corpus" ([filing no. 1](#)) on August 23, 2019 and paid the $5.00 filing fee. Upon preliminary review of the petition, the court determines that this matter must be dismissed for lack of subject matter jurisdiction.

## I. SUMMARY OF PETITION

Petitioner alleges he is the biological father of two minor children, M.S. and O.S., and Respondent Sarah Rachel Barsell Steinhilber is unlawfully detaining and withholding custody of M.S. and O.S. from Petitioner with the intent to permanently move the children from Nebraska to Texas. Petitioner asks this court to issue a writ of habeas corpus requiring Respondent to appear and produce the children before this court and show cause why custody should not be restored to Petitioner.

## II. DISCUSSION

As an initial matter, the court construes the "Petition for Writ of Habeas Corpus" as being filed pursuant to [28 U.S.C. § 2241](#), which grants "federal district courts, 'within their respective jurisdictions,' the authority to hear applications for

habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. §§ 2241(a), (c)(3)). Accordingly, the court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action. Rule 4 provides that the court shall conduct an initial review of the application for habeas corpus and summarily dismiss it, order a response, or "take such action as the judge deems appropriate." *See* Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*. The court may summarily dismiss an application without ordering a response if it plainly appears from the face of the application and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243.

Here, Petitioner seeks to litigate a private[1] custody dispute between himself and Respondent. The court cannot grant such relief in a habeas corpus action. Neither Petitioner nor his children are in the custody of the State of Nebraska in violation of federal law. Indeed, the only issue Petitioner seeks to litigate is his right to custody of his minor children. "[I]n general, . . . federal courts have no jurisdiction in habeas corpus to determine parents' right to custody of their minor children, even if it is alleged that custody was obtained by means that violate the Federal Constitution." *U.S. ex rel. Mueller for & on Behalf of Mueller v. Missouri Div. of Family Servs.*, 123 F.3d 1021, 1023 (8th Cir. 1997) (citing *Lehman v. Lycoming Cnty. Children's Services Agency*, 458 U.S. 502 (1982)). The court, therefore, concludes that summary dismissal of the petition is warranted here.

Alternatively, if the court were to construe the petition as asserting a claim under 42 U.S.C. § 1983, the court would lack jurisdiction pursuant to the domestic relations exception to federal court jurisdiction. It is well-settled that "the whole

---

[1] Petitioner does not allege that the custody of the minor children at issue is the subject of any state-court proceeding nor was the court able through its own search of state court records to locate any Nebraska state-court proceedings involving the parties.

subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890). Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues. *See, e.g.*, *Drewes v. Ilnicki*, 863 F.2d 469, 471 (6th Cir. 1988). Here, the substance of Petitioner's claims clearly concerns state law domestic relations matters.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing no. 1) is dismissed without prejudice.

2. The court will enter judgment by separate document.

Dated this 18th day of October, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge